| | |
|---|---|
| JASON BLACKWELL, as ADMINISTRATOR for the ESTATE of JOSHUA SHANE LONG,<br><br>      Plaintiff,<br><br>  v.<br><br>DERRICK PALMER, SHERIFF of CHEROKEE COUNTY, individual and official capacity; MARK THIGPEN, CHIEF DEPUTY CCSD, individual and official capacity; MARK PATTERSON, CAPTAIN, Chief Jailer CCSD, individual and official capacity; JEREMY BRESCH, LIEUTENANT, Jail Supervisor CCSD, individual and official capacity; FRANK DALY, SERGEANT, Jail Supervisor CCSD, individual and official capacity; LARRY BOLEN, Detention Officer CCSD, individual and official capacity; GLENN HOLLOWAY, Detention Officer CCSD, individual and official capacity; TIFFANY ENLOE, Detention Officer CCSD, individual and official capacity; MICHAEL FAGGARD, Deputy CCSD, individual and official capacity; PATRICK WILLIAMS, SERGEANT, CCSD, individual and official capacity; CHEROKEE COUNTY SHERIFF'S DEPARTMENT; CHEROKEE COUNTY; and OHIO CASUALTY INSURANCE CO., OHIO CASUALTY CORP., and LIBERTY MUTUAL INSURANCE CO., as SURETY,<br><br>      Defendants. | **CONSENT PROTECTIVE ORDER** |

This matter is before the Court on the parties' Motion for Consent Protective Order (Doc. 31). The motion is granted and the parties' proposed Order is accepted, *except as amended where indicated*.

\*\*\*

Law enforcement agency recordings, documents, and information have been and will be sought, produced or exhibited by and among the parties to the above captioned proceeding, which may be disclosed only under court order, pursuant to N.C. Gen. Stat. §§ 132-1.4(A)(g) and 153A 98 (c). The parties have sought such an order so as to be in compliance with these statutes.

The Cherokee County Sheriff's Office ("Sheriff's Office") and Cherokee County, Derrick Palmer, Mark Thigpen, Mark Patterson, Jeremy Bresch, Frank Daly, Larry Bolen, Glenn Holloway, Tiffany Enloe, and Ohio Casualty Insurance Company (collectively "the Defendants") and Jason Blackwell, the Administrator of the Estate of Joshua Shane Long Griffin ("the Estate") (collectively with the Sheriff's Office and the Defendants , "the Parties") stipulate to the entry by the Court of this Protective Order allowing release of Law Enforcement Agency Recordings of Joshua Shane Long at the Cherokee County Detention Center on July 11, 2018 from approximately 7:00 p.m. to 12:00 a.m., pursuant to N.C.G.S. § 132-1.4(A)(g), as well as confidential personnel files pursuant to N.C.G.S. § 153A-98.

Counsel for the Parties stipulate and agree to the following statement of facts that authorize the Court's entry of the Protective Order pursuant to N.C. Gen. Stat. § 132-1.4A(g) and 153A-98.

1. The Sheriff's Office has video recording of Joshua Shane Long on July 11, 2018 (hereinafter "Law Enforcement Agency Recordings").

2. The Parties agree that the Law Enforcement Agency Recordings may be material and relevant to the subject matter involved in any potential civil action.

3. The Law Enforcement Agency Recordings are exempt from public records disclosure requirements pursuant to the provisions of N.C. Gen. Stat. § 132-1.4A, and subject to release only by the order of a court of competent jurisdiction.

4. Jason Blackwell is the duly appointed administrator of the Estate and the Sheriff's Office may disclose the Law Enforcement Video Recordings to her pursuant to N.C.G.S. § 132-1.4A(c )(2).

5. The Sheriff's Office has considered the factors in N.C.G.S. § 132-1.4(d) and determined that it will disclose the Law Enforcement Video Recordings pursuant to the conditions of this stipulated Protective Order.

6. The Sheriff's Office and the Defendants also anticipate providing records protected by N.C.G.S. § 15A-98 in discovery in this case.

By consent, IT IS HEREBY ORDERED THAT:

1. Confidential information is information which concerns or relates to Law Enforcement Agency Recordings, an individual's application, selection or nonselection, promotions, demotions, transfers, leave, salary, suspension, performance evaluations and forms (including observations), disciplinary actions and termination of employment wherever located and in whatever form. This information may be located in, but not limited to, the following documents or materials: (a) personnel files, (b) evaluations, (c) videos, and (d) any other similar documents.

2. Any such confidential information obtained in this action which is asserted by Defendants to contain or constitute confidential information, shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL BY PROTECTIVE ORDER, Case No. 1:20-CV 146" or a comparable notice. Such information shall be disclosed at any hearing only to Court personnel, to the parties and to counsel for the parties and their employees, *subject to the approval of the presiding judicial officer*.

3. In the absence of written permission from the Defendants or an order by the Court, any confidential information obtained in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) the Court and the employees thereof, (ii) court reporters and stenographers engaged for the taking of testimony, (iii) the parties to this action and their counsel,

including necessary secretarial, paralegal and clerical personnel assisting such counsel; (iv) experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party; or (v) witnesses who are managers or supervisors or the individuals to whom the personnel file belongs. Any confidential personnel information shall be used solely for the purpose of this original action and in preparation for trial. Nothing in this Order is intended to interfere with an individual employee's right to examine his own personnel file to the extent permitted by law.

4. Confidential information obtained in accordance with the provisions of paragraph 3 above shall not be made available to any person designated in paragraph 3(iv) unless he or she shall have first read this Order and shall have agreed, by letter submitted to Defendants' counsel: (i) to be bound by the terms thereof, (ii) not to reveal such confidential personnel information to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential personnel information solely for purposes of this litigation.

5. If any persons, other than those identified above in Paragraph 3, are provided with any confidential information by any person identified in Paragraph 3, such information shall remain confidential and such persons receiving said information shall remain subject to the conditions of this Protective Order.

6. Any confidential information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above. Any portion of a transcript in connection with this action containing any confidential information identified by Defendants pursuant to paragraph 2 shall be bound separately and filed under seal pursuant to Western District Local Rule 6.1. A party may designate such portions of the transcript by a statement to that effect on the record by counsel for either side during or before the close of the deposition or hearing, or in writing within thirty (30) days of the designating party's receipt of any transcript thereof. When any confidential information is included in an authorized transcript of a proceeding or exhibits thereto, arrangements shall be made with the court reporter recording the proceeding to bind such confidential portions and separately label them "PERSONNEL INFORMATION, SUBJECT TO PROTECTIVE ORDER." *Notwithstanding any other provisions of this section or this consent protective order, to the extent any party seeks leave to file information with the Court under seal, such request shall be made in conformity with the Local Rules of this district, including Local Civil Rule 6.1.*

7. If confidential information obtained in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts

relating to this disclosure to opposing counsel and the Court, and, without prejudice to other rights and remedies of the other party, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information. Should the confidential information be obtained in a manner outside of the means and mechanisms contemplated and described in this Order, then that information shall not be subject to this Order, except that such information shall be used solely for the purpose of this action.

    8.    Upon final adjudication of this action, the disposition of all confidential information subject to the provisions of this order (including any copies made and/or computer materials made or stored) shall be subject to a final order of the Court.

Signed: October 8, 2020

*W. Carleton Metcalf*
W. Carleton Metcalf
United States Magistrate Judge

CONSENTED TO:

                    */s/Winslow Taylor*
                    Winslow Taylor

                    */s/W. Ellis Boyle*
                    W. Ellis Boyle

                    */s/Patrick H. Flanagan*
                    Patrick H. Flanagan

                    *s/Sean F. Perrin*