UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
No: 1:20-CV-00146

| | |
|---|---|
| JASON BLACKWELL, as ADMINISTRATOR for the ESTATE of JOSHUA SHANE LONG, <br><br> Plaintiff, <br><br> v. <br><br> DERRICK PALMER, SHERIFF of CHEROKEE COUNTY, individual and official capacity; MARK THIGPEN, CHIEF DEPUTY CCSD, individual and official capacity; MARK PATTERSON, CAPTAIN, Chief Jailer CCSD, individual and official capacity; JEREMY BRESCH, LIEUTENANT, Jail Supervisor CCSD, individual and official capacity; FRANK DALY, SERGEANT, Jail Supervisor CCSD, individual and official capacity; LARRY BOLEN, Detention Officer CCSD, individual and official capacity; GLENN HOLLOWAY, Detention Officer CCSD, individual and official capacity; TIFFANY ENLOE, Detention Officer CCSD, individual and official capacity; CHEROKEE COUNTY SHERIFF'S DEPARTMENT; CHEROKEE COUNTY; and OHIO CASUALTY INSURANCE CO., OHIO CASUALTY CORP., and LIBERTY MUTUAL INSURANCE CO., as SURETY, <br><br> Defendants. | **CONSENT MOTION TO APPROVE WRONGFUL DEATH SETTLEMENT** |

NOW COMES Plaintiff Jason Blackwell, Administrator of the Estate of Joshua Shane Long ("Plaintiff"), through counsel, pursuant to N.C. Gen. Stat. § 28A-13-3(a)(23), and hereby submits this Motion to approve a wrongful death settlement reach in this action between 1) Plaintiff and 2) all named Defendants (herein the "Parties"). The settlement between these Parties must be approved by the Court because the sole beneficiary is a minor.

In support of this Motion, Plaintiff submits the following:

Ex. 1 – Settlement and Release of All Claims;

    Ex. 1-A -    Qualified Assignment and Release Agreement

    Ex. 1-B -    Locked in Structured Settlement Annuity Quote

Ex. 2 - Affidavit of Jason Blackwell, Administrator of the Estate of Joshua Shane Long;

    Ex. 2-A -    Letters of Administration;

Ex. 3 - Affidavit of Stephen Agan, Guardian ad Litem;

Ex. 4 - Affidavit of W. Ellis Boyle, Counsel for Plaintiff; with Invoice Itemizing Advanced Case Expenses of Knott & Boyle, PLLC and Taylor & Taylor Attorneys at Law, PLLC:

Ex. 5 - Affidavit of W. Winslow Taylor, Counsel for Plaintiff.

    Ex. 5-A -    Incident/Investigation Reports

    Ex. 5-B -    Autopsy Report

In support of this Motion, and pursuant to LCvR 7.1 and the Pretrial Order and Case Management Plan (DE 30), Plaintiff shows as follows:

## Factual Background

1. This action arose from the July 12, 2018, death of Joshua Shane Long ("Mr. Long") at the Cherokee County Detention Center. Plaintiff has alleged claims against the Defendants in this action for violations of federal civil rights laws pursuant to 42 U.S.C. § 1983 and 1988, wrongful death, violation of N.C. Gen. Stat. § 162-55, and action on bond and N.C. Gen. Stat. § 58-76-1, *et seq*. Plaintiff's claims arise from Defendants' failure to

2

Case 1:20-cv-00146-MR-WCM   Document 45   Filed 11/02/21   Page 2 of 13

provide Mr. Long with any medical screening or reacting to the known issues of his potential ingestion of an unknown quantity of a potentially dangerous substance and then failing to timely send him for emergency medical treatment when he showed symptoms of drug-related medical problems during his time spent in their exclusive custody and control, which resulted in his death.

2. Plaintiff has alleged that the Defendants knew of Mr. Long's ingestion of a potentially dangerous substance but failed to contact emergency medical services or timely send him for emergency medical treatment while he showed symptoms of a drug related medical problem while he was in the exclusive custody and control of the Cherokee County Detention Center. As a result of Defendants' failure to act, Mr. Long died on July 12, 2018.

3. Joshua Shane Long was 31 years old at the time of his death. He is survived by one child, (A.L.R.) age four (DOB: 2017). Plaintiff is Jason Blackwell, an attorney at Carr, Blackwell, & Associates in Hendersonville, North Carolina; he is the duly appointed administrator of Mr. Long's estate.

4. On the afternoon of July 11, 2018, the Cherokee County Sheriff's Department dispatched Deputy Michael Faggard and Deputy Patrick Williams to 16 Bear Mountain Estates in Murphy, North Carolina, in regards to a man causing a disturbance. That man was Mr. Long.

5. Deputy Faggard arrived at the scene and observed Mr. Long walking around without a shirt on, yelling, and cursing. Deputy Faggard observed Mr. Long grab a small tin can, pour it in his mouth, and then wash it down with a cup of water.

6. Following the observation of Mr. Long ingesting an unknown substance, Deputy Faggard placed Mr. Long in handcuffs and arrested him for possession of marijuana, possession of drug paraphernalia, and resisting, obstructing, and delaying an officer. Mr. Long was placed in Deputy Williams' patrol car and transported to the Cherokee County Detention Center (herein the "Detention Center"). The arrest occurred at around 5:45 pm and Mr. Long arrived at the Detention Center at around 7:00 pm.

7. Mr. Long's initial appearance occurred around 7:00 before Magistrate Bateman. Due to Mr. Long's impairment, he was given a secured bond of $1,000.00.

8. When Deputy Faggard delivered Mr. Long to the Detention Center, he told Sgt. Daly of the Detention Center that he had seen Mr. Long swallow something, but he was unsure what he swallowed.

9. Although Detention Center policy required a medical observation form, a medical questionnaire form, an officer observation form, and a mental health screening form, neither Sgt. Daly nor any other Defendant Detention Officer completed said documents. Sgt. Daly never even took Mr. Long's mugshot.

10. Following Mr. Long's initial appearance, he was placed in cell 127A, a cell adjacent to the sallyport. The window to cell 127A was tinted such that it was hard to make observations unless an officer was up against the glass.

11. Video produced by the Defendants' show multiple insufficient "rounds" completed by Detention Officers whereby the Detention Officers failed to even look into Mr. Long's cell.

12. At 10:49 p.m., Mr. Long slipped a piece of paper underneath his cell door. Detention Center Defendants were aware of the note, but to date no one knows what the note contained, has viewed it, or has been able to produce it.

13. Around 11:14 p.m. on July 11, 2018, Officer Larry Bolen was conducting his rounds when he noticed Mr. Long laying unresponsive on his back in his cell. Detention Center staff was alerted to the situation and Sgt. Daly and Officer Holloway checked Mr. Long's pulse and began CPR.

14. At 11:19 p.m., Officer Enloe spoke to the EMS dispatchers and stated that Mr. Long "might be coming down off of something."

15. EMS was notified and Lifeforce 6, the medevac helicopter, took off at 11:42 p.m. en route to Murphy, NC.

16. After realizing that Mr. Long was suffering from a severe medical issue, around midnight on July 12, 2018, someone from the Sheriff's Department, in contravention to established protocol, directly called Magistrate Bateman in an attempt to unsecure Mr. Long's bond. Magistrate Bateman refused, as that request had to go through the District Attorney's office.

17. About thirty minutes later, at approximately 12:30 a.m., someone from the Sheriff's Department spoke to an Assistant District Attorney who agreed to unsecure Mr. Long's bond.

18. At 12:40 a.m. Mr. Long finally departed Cherokee County on the medevac helicopter. Once the helicopter landed at University of Tennessee Medical Center in Knoxville, Tennessee. Mr. Long was pronounced dead at 1:21 a.m. on July 12, 2018.

5

Case 1:20-cv-00146-MR-WCM   Document 45   Filed 11/02/21   Page 5 of 13

19. The autopsy results showed that Mr. Long died of a methamphetamine overdose.

**Procedural Background**

20. On June 17, 2020, Plaintiff filed a Complaint in the United States District Court for the Western District of North Carolina against Defendant Derrick Palmer, Defendant Mark Thigpen, Defendant Mark Patterson, Defendant Jeremy Bresch, Defendant Frank Daly, Defendant Larry Bolen, Defendant Glenn Holloway, Defendant Tiffany Enloe, Defendant Michael Faggard, Defendant Patrick Williams, Defendant Cherokee County Sheriff's Department, Defendant Cherokee County, Ohio Casualty Insurance Co., Ohio Casualty Corp., and Liberty Mutual Insurance Co. as Surety. (DE 1)

21. On August 7, 2020, Defendant Bolen, Defendant Bresch, Defendant Enloe, Defendant Holloway, and Defendant Thigpen answered Plaintiff's Complaint.[1] (DE 21)

22. On August 21, 2020, Defendant Bolen, Defendant Bresch, Defendant Cherokee County, Defendant Cherokee County Sheriff's Department, Defendant Daly, Defendant Enloe, Defendant Faggard, Defendant Holloway, Defendant Liberty Mutual Insurance Co., Ohio Casualty Corp., Ohio Casualty Insurance Co., Defendant Palmer, Defendant Patterson, Defendant Thigpen, and Defendant Williams answered Plaintiff's Complaint.[2] (DE 22)

23. On August 21, 2020, Defendants Faggard and Williams, in their individual capacity, filed a motion to dismiss for failure to state a claim. (DE 24).

---

[1] This was for those Defendants in their individual capacity.
[2] This was for those Defendants in their official capacity.

24. Plaintiff filed a stipulation of dismissal as to Defendant Faggard and Williams in their individual capacity on September 3, 2020. (DE 27).

25. On September 18, 2020, the Court issued a Pretrial Order and Case Management Plan, establishing deadlines for Rule 26 disclosures, expert reports, discovery, mediation, dispositive motions, and trial. (DE 30)

26. During discovery, the Parties served initial disclosures and exchanged thousands of documents, including video footage from the Detention Center. On December 4, 2020, Plaintiff identified and submitted written reports from three retained experts (two doctors and one jail administrator). On February 3, 2020, Defendants identified and submitted expert reports from two experts (two doctors).

27. On August 27, 2021, the Parties and their counsel attended a mediated settlement conference. Although no settlement was reached at the mediation, the Parties continued settlement negotiations with counsel for Defendant Sheriff. On September 16, 2021, the Parties agreed to settle.

**Proposed Settlement**

28. The Administrator of the Estate has the authority to settle the wrongful death claims alleged in this action. However, unless all beneficiaries "are competent adults and have consented in writing, any such settlement shall be subject to the approval of a judge of the court or tribunal exercising jurisdiction over the action…" N.C. Gen. Stat. § 28A-13-3(23) (2018).

29. Under the proposed settlement, the Defendants will pay Plaintiff one million eight hundred thousand dollars ($1,800,000.00) in full and final satisfaction of all claims

that were or could have been alleged against them. The terms of the proposed settlement are memorialized in the "Settlement and Release of All Claims," and the "Qualified Assignment and Release Agreement" which are attached as Exhibit 1.

30. Under N.C. Gen. Stat. § 28A-18-2, a wrongful death settlement must be disbursed by the personal representative in the following order: (a) reimbursement/payment of expenses incurred in pursuing this action; (b) payment of attorney's fees; (c) payment of funeral expenses; (d) reimbursement of reasonable hospital and medical expenses incident to the injury resulting in death; and (e) the balance distributed to the beneficiaries under the Intestate Succession Act. In this case, if approved, the proposed settlement would be disbursed as follows:

    a. Payment of attorney's fees to Knott & Boyle, PLLC in the amount of $360,000.00;

    b. Payment of attorney's fees to Taylor & Taylor Attorneys at Law, PLLC in the amount of $360,000.00;

    c. Distribution to A.L.R. (DOB: 2017) in the amount of $1,039,892.60 to be paid through the purchase of a structured settlement annuity and administered pursuant to a Preservation Trust.

31. <u>Case Expenses</u>: During the course of this litigation, counsel for Plaintiff Knott & Boyle PLLC and Taylor & Taylor Attorneys at Law, PLLC advanced case expenses on Plaintiff's behalf totaling $40,107.40. These expenses were for the following:

    Filing Fees -               $400

    Depositions -             $10,420.60

| | |
|---|---|
| Expert Witness Fees - | $25,595.00 |
| Mileage & Travel - | $2,556.07 |
| Records - | $80.99 |
| FedEx & Postage- | $283.29 |
| Mediator Fee - | $600.00 |
| Copy & Printing - | $171.45 |

A printout itemizing the advanced case expenses is attached to the Affidavit of W. Ellis Boyle. (Exhibit 4). These expenses were reasonably necessary to prosecute the action and were fair and reasonable in amount. There are no outstanding case expenses that remain unpaid. There are no outstanding hospital or medical expenses. The Administrator of the Estate and the guardian ad litem ("GAL") are being paid separately by Plaintiff's lawyers out of their attorneys' fees so that the beneficiary may receive the benefit of those legal services at no charge and to provide a final number for the Court's consideration in this Motion, regardless of whatever additional charges may be incurred to finalize this process.

32. <u>Attorneys' Fees</u>: W. Ellis Boyle of Knott & Boyle, PLLC and E. Winslow Taylor of Taylor & Taylor Attorneys at Law, PLLC represented Plaintiff under a Contingent Fee Contract on a contingent fee basis of 40% of any recovery, whether by settlement or trial.

33. The attorneys' fee request by counsel for Plaintiff is fair and reasonable in light of: (1) the amount of time expended by Plaintiff's counsel, over 800 hours; (2) the novelty and difficulty of the issues; (3) the skill and legal expertise required to handle this case; (4) the customary fee for similar work; (5) the contingent nature of the fee; (6) the

results obtained on Plaintiff's behalf with this settlement; (7) the experience, reputation, and ability of counsel; (8) the nature and length of the professional relationship; and (9) the fee awards in similar cases. *See In re Abrams & Abrams, P.A.*, 605 F.3s 238, 244 (4th Cir. 2010); Exhibit 3, Affidavit of Stephen Agan.

34. <u>GAL Fee</u>: Attorney Stephen Agan has requested a fee of $250.00 per hour for his services as Guardian ad Litem for A.L.R. (DOB: 2017). This fee is fair and reasonable for the services provided by Mr. Agan as GAL and will be paid out of Plaintiff's attorneys' fee.

35. <u>Administrator Fee</u>: Plaintiff Jason Blackwell is not requesting a commission for his services. His compensation is an expense paid out of Plaintiff's attorneys' fee.

36. <u>Distribution to Beneficiary</u>: After the payment of case expenses and attorney's fees there will be $1,039,892.60 available for distribution to the beneficiary of the Estate (the "Net Settlement Funds"). Under the North Carolina Intestate Succession Act, Joshua Long's sole surviving child is entitled to receive all of these funds.

37. Under the proposed settlement, the minor beneficiary, A.L.R. (DOB: 2017) will receive all the Net Settlement Funds, this will be structured through structured settlement annuity and Settlement Preservation Trust. Of the $1,039,892.60 to A.L.R. (DOB: 2017) $189,892.60 will the seed money in the Preservation Trust and the remaining $850,000.000 will be structured. The Payee will be the A.L.R. Preservation Trust and will be guaranteed as follows:

- $15,000.00 benefit paid semi-annually beginning June 1, 2036, guaranteed for 4 years, last guaranteed payment on December 1st, 2039;

- $500.00 benefit paid monthly beginning August 1, 2036, guaranteed for 3 years and 11 months, last guaranteed payment on June 1, 2040;
- 3,785.00 benefit paid monthly for life beginning July 1, 2040, guaranteed for 40 years and life, last guaranteed payment June 1, 2080.

Berkshire Hathaway Life Insurance Company of Nebraska has an A++ financial rating by Standards & Poors and A++ Class XV by A.M. Best.

38. Jason Blackwell has reviewed all of the settlement documents and trust instruments and has consented to the settlement in writing and believes that the settlement and proposed disbursements are fair, reasonable, and in the best interest of the minor beneficiary.

39. Stephen Agan as Guardian Ad Litem for A.L.R. (DOB: 2017) has reviewed the settlement documents, spoken with A.L.R. (DOB: 2017)'s mother and conferred with counsel for Plaintiff about the case. Mr. Agan believes that the settlement and proposed disbursements are fair, reasonable, and in the best interest of A.L.R. (DOB: 2017).

40. Counsel for Plaintiff has contacted counsel for the Defendants, who has indicated that they consent to this motion.

WHEREFORE, Plaintiff requests that the Court approve the settlement and proposed disbursements, issue the Consent Order, allow the Parties to file a Stipulation of Dismissal With Prejudice, and grant such other and further relief as may be just and proper.

This the 2nd day of November, 2021.

| | |
|---|---|
| /s/ E. Winslow Taylor<br>E. Winslow Taylor<br>N.C. State Bar No. 45533<br>Taylor & Taylor Attorneys at Law PLLC<br>418 N. Marshall St., Suite 204<br>Winston-Salem, NC  27101<br>Telephone:  336-418-4745<br>Email: winslow@t2legal.com | /s/ W. Ellis Boyle<br>W. Ellis Boyle<br>N.C. State Bar No. 33826<br>Knott & Boyle, PLLC<br>4800 Six Forks Road, Suite 100<br>Raleigh, NC  27609<br>Telephone:  919-783-5900<br>Email:  ellis@knottboyle.com |
| *Attorneys for Plaintiff* ||

**MOTION TO APPROVE WRONGFUL DEATH SETTLEMENT CONSENTED TO BY:**

/s/ Patrick H. Flanagan  
Patrick H. Flanagan  
Cranfill Sumner & Hartzog, LLP

/s/ Sean Perrin  
Sean Perrin  
Womble Bond Dickinson (US) LLP

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he filed and served the foregoing document upon counsel for the defendants by the CM/ECF in the United States District Court for the Western District of North Carolina:

| | |
|---|---|
| Patrick H. Flanagan<br>Cranfill Sumner & Hartzog, LLP<br>P.O. Box 30787<br>Charlotte, NC 28230<br>Email: phf@cshlaw.com<br>*Attorney for Defendants:*<br>*Mark Thigpen*<br>*Jeremy Bresch*<br>*Larry Bolen*<br>*Glenn Holloway*<br>*Tiffany Enloe* | Sean Perrin<br>Womble Bond Dickinson (US) LLP<br>One Wells Fargo Center<br>Suite 3500<br>301 South College Street<br>Charlotte, NC 28202<br>Email: Sean.Perrin@wbd-us.com<br>*Attorney for Defendants:*<br>*Derrick Palmer, Sheriff*<br>*Mark Patterson*<br>*Frank Daly*<br>*Cherokee County Sheriff's Department*<br>*Cherokee County*<br>*Ohio Casualty Insurance Co.*<br>*Ohio Casualty Corp.*<br>*Liberty Mutual Insurance Co.* |

This the 2nd day of November, 2021.

/s/ W. Ellis Boyle
W. Ellis Boyle
N.C. State Bar No. 33826
Knott & Boyle, PLLC
4800 Six Forks Road, Suite 100
Raleigh, NC 27609
Telephone: 919-783-5900
Facsimile: 919-783-9650
Email: ellis@knottboyle.com
*Attorney for Plaintiff*