# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:20-cv-00146-MR-WCM

| | |
|---|---|
| **JASON BLACKWELL, as Administrator of the Estate of Joshua Shane Long,** )<br>)<br>)<br>) | |
| **Plaintiff,** )<br>) | **ORDER APPROVING** |
| vs. ) | **CREATION OF TRUST** |
| )<br>**DERRICK PALMER, Sheriff of Cherokee County, et al.,** )<br>)<br>) | |
| **Defendants.** ) | |

THIS MATTER is before the Court on the Petition for Creation of Trust (the "Petition") filed by the Plaintiff Jason Blackwell, as Administrator of the Estate of Joshua Shane Long, as well as Stephen Agan as Guardian ad Litem for the sole surviving heir A.L.J.R., a minor[1], pursuant to N.C. Gen. Stat. § 36C-4-401(4) and § 36C- 4-401.2. [Doc. 46].

Based on the information before the Court, and after hearing the arguments of counsel, the Court hereby makes the following Findings of Fact:

---

[1] The minor's full name and date of birth are included in a Sealed Addendum to the Order Approving Wrongful Death Settlement, entered contemporaneously herewith.

## FINDINGS OF FACT

1. Joshua Shane Long, the Decedent, died in the Cherokee County Jail in Cherokee County, North Carolina, on or about July 11, 2018.

2. A.L.J.R. is the sole surviving heir at law of Joshua Shane Long.

3. A.L.J.R. is a minor.

4. A.L.J.R. is a citizen and resident of the state of Georgia.

5. A.L.J.R. has one living parent, Cristina Rubio; A.L.J.R.'s other parent was the Decedent, Joshua Shane Long, who was a resident of Georgia.

6. Joshua Shane Long was pronounced dead at University of Tennessee Medical Center in Knoxville, Tennessee, after being brought by a medevac helicopter from the Cherokee County Detention Center in Murphy, North Carolina.

7. The Plaintiff, as Administrator of the Estate of Joshua Shane Long, filed a Complaint in the United States District Court for the Western District of North Carolina against the Defendants, asserting claims for violations of federal civil rights laws and state law related to the circumstances of Joshua Shane Long's death.

2

Case 1:20-cv-00146-MR-WCM   Document 47   Filed 01/03/22   Page 2 of 7

8. The parties have agreed to settle that civil action, and the Court, by way of a separate Order, has approved the parties' Settlement Agreement and Release of All Claims.

9. As the sole surviving heir at law of Joshua Shane Long, A.L.J.R. is entitled to certain monetary amounts ("Settlement Proceeds"), both now and pursuant to certain future periodic payments from an Internal Revenue Code Section 130(c)-qualified structured settlement annuity, the terms and provisions of which are set forth in the parties' Settlement Agreement and Release of All Claims and which this Court has contemporaneously approved, by virtue of the settlement of that civil action.

10. If the Settlement Proceeds were paid directly to A.L.J.R., such proceeds would be subject to a guardianship while she is a minor or they would be required to be placed in the Clerk of Court's office. A.L.J.R. would then receive the Settlement Proceeds outright once she reaches the age of majority.

11. Administration of the Settlement Proceeds through a guardianship would be inefficient due to the court costs, bond costs, attorney's fees, and necessary filings associated with a guardianship. Further, a guardianship would terminate upon A.L.J.R.'s eighteenth (18th) birthday, giving her immediate access to all of the remaining Settlement

Proceeds at that young age. Likewise, the Clerk of Court would also be required to provide immediate access to all of the remaining Settlement Proceeds at that young age.

12. Administration of the Settlement Proceeds through a Settlement Preservation Trust with a duly-appointed corporate trustee would have several benefits. A Settlement Preservation Trust ("Trust") would avoid the inefficiencies and costs of a guardianship, require professional administration and investment of the funds, allow for efficient and well-considered distribution of funds from the trust for A.L.J.R.'s benefit and best interests at any time during the trust's existence, and afford protection and continued management of the Settlement Proceeds beyond A.L.J.R.'s eighteenth (18th) birthday, until an age that she is more mature and able to handle financial responsibility over significant sums.

13. Plaintiff Jason Blackwell, as Administrator of the Estate of Joshua Shane Long, and Stephen Agan, as Guardian ad Litem for A.L.J.R., bring this Petition seeking a judgment, order, or decree by this Court creating a trust (pursuant to the Court's authority under N.C. Gen. Stat § 36C-4-401(4) and § 36C-4-401.2 for the benefit of A.L.J.R. with terms as set forth in the proposed Preservation Trust Agreement attached to the Petition.

Based on the foregoing, the Court makes the following Conclusions of Law:

**CONCLUSIONS OF LAW**

1. This Court possesses subject matter jurisdiction over this matter and personal jurisdiction over the parties to this action.

2. Section § 36C-4-401 of the North Carolina General Statutes provides for the creation of a trust by a court of competent jurisdiction by judgement, order, or decree.

3. Section § 36C-4-401.2 of the North Carolina General Statutes provides that a court may create or establish a trust by judgment or decree upon petition of an interested party in accordance with the provisions of this Chapter or in any other matter properly before the court.

4. Plaintiff Jason Blackwell, as Administrator of the Estate of Joshua Shane Long, and Stephen Agan, as Guardian ad Litem for A.L.J.R., are interested parties pursuant to N.C. Gen. Stat. § 36C-4-401.2.

5. The Petition has been brought in a matter properly before the Court.

6. It is in the best interests of A.L.J.R. for the Court to create a trust for the benefit of A.L.J.R. in order to receive and administer the Settlement

Proceeds and other amounts as later may be added, with such trust to be established pursuant to N.C. Gen. Stat. §§ 36C-4-401(4) and 36C-4-401.2.

7. The Trust should be created with terms and provisions as set forth in the Preservation Trust Agreement, which is attached to the Petition as Exhibit A and incorporated herein by reference, with the modification that the "Lifetime Distributions" as set forth in the Preservation Trust Agreement [Doc. 46-1 at 16] shall be amended to provide that the Trust should not be used to supplant parental responsibility, but funds can be used to pay for medically necessary items and services that are prescribed by the Beneficiary's treating physician, to the extent that the parent cannot afford to do so. With that amendment, which was consented to by the parties, the Preservation Trust Agreement is approved.

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** as follows:

1. The Plaintiff and Guardian Ad Litem's Petition [Doc. 46] is **GRANTED**, and a Preservation Trust is hereby established and created for the benefit of A.L.J.R. with terms and provisions as set forth in the Preservation Trust Agreement attached hereto as Exhibit A to the Petition and incorporated herein by reference and as amended herein.

2. The Preservation Trust Agreement shall be funded with those remaining Settlement Proceeds set forth in in the distribution provisions of this Court's Order Approving Wrongful Death Settlement, and such other additional amounts as from time to time may be added in accordance with the trust terms, including, but not limited to, the future periodic payments from the Internal Revenue Code Section 130(c)-qualified structured settlement annuity as contemporaneously approved by this Court.

3. The terms of the Preservation Trust Agreement established and created by virtue of this Order and Decree are binding on the Trust, any and all Trustees of the Trust, any and all beneficiaries or potential beneficiaries of the Trust, and all other parties interested in the Trust's administration.

**IT IS SO ORDERED.**

Signed: January 3, 2022

*[signature]*

Martin Reidinger
Chief United States District Judge